

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,956

### EX PARTE JOSE ANTONIO JIMENEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W00-70595-S IN THE 282ND JUDICIAL DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to injury to a child, and was sentenced by the trial court to twenty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Jimenez v. State*, No. 05-01-00738-CR (Tex. App. – Dallas, June 20, 2002, pet. ref'd.)

Applicant contends, *inter alia*, that he was indicted for and pleaded guilty to a third degree felony. He argues that he should have been sentenced to a maximum of ten years' imprisonment for

this offense, but that as a result of a misunderstanding about the applicable sentencing range, he received twenty years' imprisonment instead. Applicant argues that his sentence is illegal. This Court dismissed his previous application raising the same claim as a subsequent application barred by Section 4 of Article 11.07 of the Texas Code of Criminal Procedure, because Applicant had filed a previous writ of habeas corpus challenging the same conviction, and had not raised this issue in that writ.

This Court has determined that Applicant's unauthorized sentence of twenty years for a third-degree felony does fall within the exception to the Section 4 bar described within Section 4(a)(2). That section permits consideration of a subsequent application if, by a preponderance of the evidence, but for a violation of the U.S. Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt. In this case, but for a denial of due process, no rational juror could have found Applicant guilty of second degree injury to a child (as opposed to third degree injury to a child).

Accordingly, relief is granted. The sentence in Cause No. W00-70598 in the 282nd Judicial District Court of Dallas County is set aside, and Applicant is remanded to the trial court for sentencing in accordance with this opinion. Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: July 2, 2008
Do Not Publish